```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                      :
STEPHEN J. FINTA, an individual,      :   CIVIL ACTION
                                      :
               Plaintiff,             :
                                      :
     v.                               :   No. 07-1966
                                      :
WILHELMINA FINTA, an individual       :
and the ESTATE OF HERMINA ENGSTROM,   :
                                      :
               Defendants.            :
_____:
```

HENRY S. PERKIN                                       May 30, 2008
United States Magistrate Judge

## MEMORANDUM

The instant case involves a dispute between a brother and sister over real property located at 220 Oak Road in Bangor, Pennsylvania ("the subject property"). In 1948, Hermina Finta and Steven Finta purchased the subject property as joint tenants with the right of survivorship. Upon the death of Steven Finta in 1964, Hermina Finta became the sole owner of the subject property. She later married and her name became Hermina Engstrom, but the deed to the subject property was never changed while her second husband was alive.

On February 21, 1989, a deed was executed conveying the subject property from Hermina Finta to both Hermina Finta and her daughter, the Defendant, Wilhelmina Finta ("Defendant Finta"), as joint tenants with the right of survivorship. Mot. Summ. J., Ex. A. The deed was recorded with the Recorder of Deeds of Northampton County on February 23, 1989. On November 14, 1989,

Hermina Finta executed her Last Will and Testament, dividing her estate equally between her son, Stephen J. Finta, Esquire ("Plaintiff"), and her daughter, Defendant Finta, including any real property which she died owning.

Plaintiff sent a letter to his mother dated May 31, 2002, stating:

> Attached is an exact copy of the deed of conveyance that you executed on February 21, 1989.  You will note that you personally signed the deed to yourself and to Billie with the right of survivorship.  At your death, Billie gets the entire house.
>
> Unfortunately, for many years there were too many secrets.  I only found out about this, because of Billie constantly saying there is nothing you - meaning me - can do.  My only question is, do you know that you did this?  Secondarily, did you intend to give Billie everything?  If your answer to these questions is yes, I will still love you, as I loved my father and my grandparents.  It was never my personal opinion that anyone ruined my life in any fashion; as other people may feel happened to them.
>
> Effectively, now, you can do nothing with the house without Billie's permission.  If you need to move, or do anything else, you need her permission.  The easy way out of this would be if she would reconvey or sign off on a deed to you.  I tend to think she will not do that.  I am curious what is in your will and who drafted it.  If Ruggiero drafted the will, or knew of the will, he had to know that effectively the deed you signed took away all power you had to deal with the house by yourself, and also, had the effect of disinheriting me.  Please think about this and don't worry about it.  I know who I am and I will handle whatever comes to me in life in the most gracious fashion.

Mot. Summ. J., Ex. B.  Hermina Finta died in May, 2005.  As a

result of her death, the subject property passed solely to Defendant Finta by operation of law and not through Hermina Finta's Estate.  If the subject property had passed through the Estate, Plaintiff would ostensibly be entitled to an interest in the subject property.  Letters Testamentary were issued by the Register of Wills of the Court of Common Pleas of Northampton County on November 14, 2005.

Plaintiff is a licensed attorney in the State of Florida.  Acting pro se, however, he filed a Complaint for Declaratory Judgment in this Court against his sister and the Estate of Hermina Engstrom on May 15, 2007.  He seeks a ruling from this Court that he is entitled to a one-half interest in the subject property, and contends that his sister procured the subject property by lies and undue influence or fraud.

The case was originally assigned to the docket of the Honorable Lawrence F. Stengel, and the parties consented to a non-jury trial before the undersigned pursuant to 28 U.S.C. section 636.  Judge Stengel approved the consent and transferred the case to my docket on November 13, 2007.  Prior to the transfer, Defendants filed a Motion for Summary Judgment on November 8, 2007. Defendants' Motion sought dismissal of this case for: (1) failure to state a cause of action against the Defendants; (2) failure to file the Complaint within the applicable statute of limitations under Pennsylvania law; (3)

violation of the Pennsylvania statute of frauds; (4) violation of the Pennsylvania Deadman's Act; and (5) improper venue against the Estate because probate of Hermina Engstrom's Estate currently lies with the Orphans' Court of Northampton County, Pennsylvania.

On December 3, 2007, Plaintiff sought an extension of time to file his Response to the Defendants' Motion for Summary Judgment.  Defendants opposed this extension, and the Court granted an extension until December 10, 2007.  The Rule 16 Scheduling Conference was held on December 11, 2007.  On December 12, 2007, Plaintiff filed a Supplemental Motion to Enlarge Time in Which to Obtain Additional Affidavits in Opposition to Defendants' Motion for Summary Judgment.  Defendants again opposed the request for an extension of time.  The Supplemental Motion was granted, however, and the time for Plaintiff to file his Response to Defendants' Motion for Summary Judgment and the supporting affidavits was extended to January 28, 2008.  Plaintiff thereafter filed another Motion requesting additional time to file Rule 56(f) affidavits.  The Motion was partially granted, and Plaintiff was granted a very short extension of time to file his affidavits until February 1, 2008.

Plaintiff never filed any affidavits or a Response to the Motion for Summary Judgment.  Instead, on February 20, 2008, Plaintiff filed a Motion for Clarification as to Jury Trial and a Motion for Leave to Amend and File First Amended Complaint.

Defendants timely responded to the Motion for Leave to File a First Amended Complaint.  On May 28, 2008, Plaintiff filed a Motion to Transfer and a Motion to File Motions One Day Out of Time.  In his two-page Motion to Transfer, Plaintiff seeks a transfer of this case to the Orphans' Court of Northampton County, Pennsylvania pursuant to 28 U.S.C. section 1631.

**II.   DISCUSSION**.

In their Motion for Summary Judgment, Defendants note that venue is improper in this Court, at least as to Defendant Estate of Hermina Engstrom because probate of the Estate is currently underway in Northampton County.  Plaintiff, in his Motion to Transfer, concedes that the proper forum for this case is the Court of Common Pleas of Northampton County.  This Court has diversity jurisdiction over this case.  A close examination of the Plaintiff's claims do not indicate, however, that a colorable federal claim has been pled.

In Defendants' November 8, 2007 Motion for Summary Judgment, defense counsel pled, in part, that the Complaint should be dismissed for lack of venue.  Moreover, at the December 11, 2007 Rule 16 conference, this Court questioned counsel whether this case should properly be in the courts of Northampton County.  Plaintiff alleges that the Complaint in this action is based in fraud, however, he interchangeably uses fraud and undue

influence in his pleadings.[1]

This Court has an obligation to consider its jurisdiction in probate matters. Golden v. Cook, 293 F. Supp.2d 546, 551 (W.D. Pa. 2003)(citing Moore v. Graybeal, 843 F.2d 706, 709 (3d Cir. 1988)). In that regard, federal courts have no jurisdiction to probate a will or administer an estate. Id. (citing Markham v. Allen, 326 U.S. 490, 494 (1946)). Because of this limitation on diversity jurisdiction, federal courts "do not ordinarily have jurisdiction to set aside a will or the probate thereof." Id. (citing Moore, 843 F.2d at 709 (citing Sutton v. English, 246 U.S. 199 (1918))). Federal appellate courts have held that federal diversity jurisdiction may not be used to set aside a testamentary instrument on the basis of incompetency of the testatrix or undue influence, nor may it be used to interfere with the probate proceedings or to assume general jurisdiction of the probate proceedings or control of the property in the custody of the state court. Id. at 551-552 (citing Moore, 843 F.2d at 709 (citations omitted), and Markham, 326 U.S. at 494).

In Qureshi v. Executors of Manzoor H. Qureshi's Estate,

---

[1] During the Rule 16 telephone conference, Plaintiff stated that it was not his intention to proceed with this action on the basis of fraud, rather, he stated that this is a claim for undue influence. In support of his decision to file this case in this Court instead of the Court of Common Pleas of Northampton County, Petitioner claimed that the probate exception in federal court did not prohibit this Court from adjudicating this case, but he was not beyond reconsidering his ideas in any instance.

the Honorable Gene K. Pratter of this District Court examined the probate exception to federal courts' exercise of diversity jurisdiction.  Civ. A. No. 04-3869, 2004 WL 2897944 (E.D. Pa. Dec. 13, 2004)(citing Golden v. Golden, 382 F.3d 348, 354 (3d Cir. 2004)(citing Markham, 326 U.S. 490 and Moore, 843 F.3d at 709).  Judge Pratter traced the roots of the probate exception and clarified that the probate exception covers "pure" probate matters and those matter ancillary to probate.  Id. at *1 (citing Farrell v. O'Brien, 199 U.S. 89, 110, 25 S.Ct. 727, 50 L.Ed. 101 (1905); Dragan v. Miller, 679 F.2d 712, 715 (7th Cir. 1982), cert. denied, 459 U.S. 1017, 103 S.Ct. 378, 74 L.Ed.2d 511 (182); Rice v. Rice Found., 610 F.2d 471, 475 (7th Cir. 1979)).  These matters are distinguished from "[s]trictly *in personam* disputes, whose subject matter relates only incidentally to probate, [which] can be maintained in federal court because the exercise of jurisdiction under such circumstances would not 'interfere with the probate proceedings or [require the court to] assume general jurisdiction of the probate or control of the property in the custody of the state court.'"  Id. at *1 (citing Golden, 382 F.3d at 358 (quoting Markham, 326 U.S. at 494)).  The standard to be used in determining whether federal jurisdiction may be exercised under the *inter partes* approach is "whether under state law the dispute would be cognizable only by the probate court." Golden, 293 F. Supp.2d at 552 (quoting Rice, 610 F.2d at 475-

476). In other words, if a party would be relegated to presenting the claims to a probate court under state law, then that party's claims are beyond the scope of a federal court's diversity jurisdiction. Id.(citing Rice, 610 F.2d 471, 475-476).

The Court of Appeals for the Third Circuit articulated guiding principles to be followed in determining whether the probate exception is applicable. These are:

> First, the federal courts lack the power to actually probate a will. *See Markham*, 326 U.S. at 494, 66 S.Ct. 296; *Moore*, 843 F.2d at 709; *see also Georges*, 856 F.2d at 973. Second, where a will has already been probated, permitting an action that seeks, expressly or in fact, to assail or contradict a judgment of the probate court generally constitutes an impermissible interference with the probate. *See Moore*, 843 F.2d at 710. Likewise, the probate exception bars federal courts from adjudicating claims that challenge management of the estate. *Cf. Princess Lida*, 305 U.S. at 459; 465-67, 59 S.Ct. 275 (treating a claim of trustee mismanagement as related for jurisdictional purposes to administration of the corpus). Third, federal courts may nevertheless exercise jurisdiction over an otherwise barred probate-related cause of action if the action would be maintainable *inter partes* in the state courts of general jurisdiction. *Sutton v. English*, 246 U.S. 199, 205, 38 S.Ct. 254, 62 L.Ed. 664 (1918); *Farrell*, 199 U.S. at 110-11, 25 S.Ct. 727; *see also Moore*, 843 F.2d at 709. This supplemental rule means that a state can effectively contract the scope of the probate exception if it allows its courts of general jurisdiction to adjudicate challenges to probate.

Golden, 382 F.3d at 358 (footnotes omitted). In the instant case, the second principle would be implicated, i.e., Hermina

Engstrom's will has been probated, and allowing an action seeking, expressly or in fact, to challenge or contradict the judgment of the probate court would be considered an impermissible interference with probate.

Pennsylvania law does not vest in its courts of general jurisdiction, i.e., the courts of common pleas, any power to establish rights in an estate based on theories such as undue influence, forgery, or breach of fiduciary duty of the administrator. Golden, 382 F.3d at 362. Rather, such claims fall within the ambit of the probate court. Id. If a complaint is properly drafted for the tort of fraud, however, a viable cause of action *may* be maintained in this Court because fraud is a well established tort in Pennsylvania. Id. (citing Gibbs v. Ernst, 538 Pa. 193, 647 A.2d 882, 889 (1994). It is unclear which theory Plaintiff is pursuing in this case. However, it is clear that Plaintiff is seeking a determination that the subject property has not been properly included in the Defendant Estate. Plaintiff's fraud claim effectively seeks to challenge the Orphans' Court probate of Hermina Engstrom's Estate. The next question which must be decided is: Would Pennsylvania allow a court of general jurisdiction to entertain such a fraud claim anyway? Golden, 382 F.3d 363. The Third Circuit has advised that:

> it is not enough under the inter partes
> exemption from the probate exception for a

>       state court to recognize a cause of action;
>       rather, the state court must recognize the
>       *use* of that action to impeach a probate.  Any
>       other rule would reward creative pleading and
>       would undermine both the fundamental
>       assumptions of the "*inter partes*" exemption
>       from the probate exception and the finality
>       that the probate system requires.  See *Moore*,
>       843 F.2d at 710; see also *Storm*, 328 F.3d at
>       945.

Id.  Thus, whether Plaintiff's claim is for fraud or undue influence, it must be dismissed because recovery on those claims would not be otherwise maintainable in the Pennsylvania courts of general jurisdiction, would be contrary to a determination of the probate court, and would impermissibly "interfere with probate proceedings."  Id. (quoting Markham, 326 U.S. at 494, 66 S.Ct. 296; Moore, 843 F.2d at 710).

This Court must examine, however, its ability to transfer the instant action to the state court.  Plaintiff suggests the mechanism to accomplish the transfer is 28 U.S.C. section 1631.  See Mot. to Transfer (citing 28 U.S.C. § 1631 and Grimsley v. United Eng'rs & Constructors, Inc., 818 F.Supp. 147 (D.S.C. 1993)).  This statute indicates that the suggested transfer provision is only applicable to transfers between federal courts, not between federal courts and state courts.  However, the Pennsylvania legislature amended the relevant state transfer statute to permit the preservation of claims filed in federal court without the necessity of any transfer order to the state court.  McLaughlin v. ARCO Polymers, Inc., 721 F.2d 426,

430 (3d Cir. 1983). That statute, enacted in 1983, provides for the transfer of erroneously filed matters as follows:

> § 5103. Transfer of erroneously filed matters
>
> (b) Federal cases.--
> (1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).
>
> (2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i)(relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

42 Pa. Cons. Stat. Ann. § 5103(b). Thus, it is possible to ameliorate the hardship to litigants who inadvertently file their actions in the wrong court by having them, by their own actions, transfer the dismissed matter from federal to state courts. The date of institution of the federal suit for purposes of the

11

statute of limitations is also preserved by this statute.

For the reasons stated above, and because this Court is unable to determine whether Plaintiff's claims qualify to be heard in federal court pursuant to diversity jurisdiction based on Plaintiff's verbal representations and his pleadings, we will dismiss this case without prejudice for lack of jurisdiction. Plaintiff, pursuant to 42 Pa. C.S.A. section 5103(b), can transfer this matter by his own action to the Orphans' Court of Northampton County, Pennsylvania.[2]

An appropriate Order follows.

---

[2]Because we lack jurisdiction, we cannot decide any of the outstanding Motions.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```
_____
                                   :
STEPHEN J. FINTA, an individual,   :   CIVIL ACTION
                                   :
                    Plaintiff,     :
                                   :
         v.                        :   No. 07-1966
                                   :
WILHELMINA FINTA, an individual    :
and the ESTATE OF HERMINA ENGSTROM,:
                                   :
                    Defendants.    :
_____:

## ORDER

AND NOW, this  30th  day of May, 2008, IT IS HEREBY ORDERED that the instant case is DISMISSED for lack of jurisdiction without prejudice to its reassertion by Plaintiff in the Orphans' Court of Northampton County, Pennsylvania pursuant to 42 Pa. C.S.A. section 5103(b), governing transfer of erroneously filed matters.

The Clerk of Court is ORDERED to mark this file CLOSED.

                              BY THE COURT:


                              */s/ Henry S. Perkin*
                              HENRY S. PERKIN,
                              United States Magistrate Judge